WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly A. Latahotchee, | No. CV-19-05668-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Kimberly Latahotchee's Application for Supplemental Security Income benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 17, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 15–34) and remands Plaintiff's case for an award of benefits.

**I.     BACKGROUND**

Plaintiff's disability claim stems from injuries she sustained in December 2011 after she was mauled by eight dogs, causing severe injuries to her arms, hands, face, and scalp. (R. at 303, 310, 318, 374, 515.) Following the attack, Plaintiff engaged in pain management

treatment and her physical examinations revealed deformity, scars, tenderness, and reduced range of motion. (R. at 376, 380, 383–84, 395, 533, 538–39, 543, 547, 551.) Plaintiff also experienced ongoing psychological issues related to trauma, including paranoia, anxiety, and auditory and visual hallucinations. (*Id*. at 363, 367, 484, 493, 496, 501, 503, 608, 633, 640, 667, 760, 775, 787.)

Plaintiff filed her Application for Supplemental Security Income benefits on January 8, 2013, alleging disability beginning December 16, 2011. (*Id*. at 18.) Plaintiff's claim was denied initially on February 4, 2014, and upon reconsideration on June 6, 2016. (*Id*.) On April 6, 2018, Plaintiff appeared before the ALJ for a hearing on her claim, and on July 30, 2018, the ALJ denied Plaintiff's claim. (*Id*. at 15–34.) The Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on May 19, 2019. (*Id*. at 5–10.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: (1) weakness of upper extremities (right more than left due to injuries); (2) anxiety; (3) depression; and (4) PTSD. (*Id*. at 20.)

Although the ALJ was presented with several medical opinions regarding Plaintiff's functional limitations, the ALJ did not mention or analyze all of them. The ALJ gave great weight to the opinion of Dr. Ela Timbadia, an examining physician, and the ALJ adopted Dr. Timbadia's conclusion regarding Plaintiff's residual functional capacity ("RFC"). (*Id*. at 23, 25.) Dr. Kenneth Littlefield and Dr. Alexander Piatka separately conducted psychological evaluations of Plaintiff and submitted statements regarding her functional capacities. (*Id*. at 26–27.) The ALJ gave these opinions partial weight and great weight, respectively. (*Id*.) Conversely, the ALJ gave little weight to two opinions provided by Plaintiff's treating providers. *Id*. at 26.) First, the ALJ gave little weight to the August 30, 2018 opinion provided by Plaintiff's treating nurse practitioner Valerie Jaskowski.[1] (*Id*. at

---

[1] The ALJ also incorrectly refers to nurse practitioner Jaskowski as a Doctor of Osteopathy rather than as a nurse practitioner. (R. at 25–26.) Defendant makes the same

- 2 -

25–26.) Second, the ALJ gave little weight to the July 17, 2017 opinion of Plaintiff's treating physician, Dr. Melia Cox. (*Id*. at 26.) Additionally, the ALJ did not mention or analyze two other opinions from nurse practitioner Jaskowski (dated August 13, 2015 and May 17, 2016) (*id.* at 210-12, 241-43) or the September 12, 2016 opinion of treating licensed counselor John Horan (*id*. at 525–26).

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the filing date through the date of the decision. (*Id*. at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 21.) Next, the ALJ calculated Plaintiff's RFC:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except with the following additional limitations: [Plaintiff] is capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6-8 hours in an 8 hour day. [Plaintiff] should use corrective glasses due to poor vision. She can frequently climb ramps and stairs and occasionally climb ladders, ropes and scaffolds. She can occasionally reach, handle, finger and feel. [Plaintiff] is able to understand and remember 1-2 step tasks in a routine and predictable environment where changes can be easily explained and interaction with others is superficial and occasional. [Plaintiff] can complete tasks that do not require more than daily planning or independent prioritization of tasks.

(*Id*. at 23.) Accordingly, although the ALJ found that Plaintiff "is unable to perform any past relevant work," the ALJ still found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id*. at 27–28.)

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*,

---

mistake in his answering brief. (Def. Br. at 12.)

495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. DISCUSSION

Plaintiff's opening brief raises four arguments. First, Plaintiff argues that the ALJ erred by rejecting her symptom testimony. (Pl. Br. at 12–18.) Second, Plaintiff argues that the ALJ erred by rejecting the opinions of her treating providers and by ignoring other

opinions altogether. (*Id*. at 18–23.) Third, Plaintiff argues that the ALJ incorrectly relied on the medical vocational guidelines in concluding that Plaintiff is not disabled. (*Id*. at 23–24.) Fourth, Plaintiff argues that the improperly rejected evidence, "when credited, should be the basis for this Court's exercise of its discretion to remand [Plaintiff]'s case without rehearing." (*Id.* at 25.)

For the following reasons, the Court concludes that the appropriate remedy is to remand Plaintiff's case for calculation and award of benefits. This conclusion is driven, in part, by Defendant's failure to respond to some of Plaintiff's arguments.

### A.     The ALJ erred by rejecting Plaintiff's symptom testimony

Plaintiff testified that she was unable to work due to functional limitations stemming from her dog attack. (R. at 39.) The ALJ rejected Plaintiff's testimony for several reasons. Specifically, the ALJ found Plaintiff's allegations were inconsistent with: (1) the objective medical evidence; (2) the lack of medical opinions indicating disability; (3) her noncompliance with treatment; (4) her improvement with treatment; and (5) her low and inconsistent earnings before her disability onset date. (R. at 24–25.) In her opening brief, Plaintiff argues that each justification is either insufficient or unsupported by substantial evidence. (Pl. Br. at 13–18.) But Defendant does not respond to Plaintiff's arguments regarding the ALJ's first and second rationales, and thus, concedes these points. Further, Defendant does not meaningfully respond to Plaintiff's third argument (*i.e.,* the noncompliance the ALJ identified concerned Plaintiff's asthma, which was not at issue). (Def. Br. at 7–8.) Instead, Defendant generically cites the legal rule that noncompliance with treatment is a relevant credibility determination without attempting to explain *why* the ALJ correctly relied on Plaintiff's noncompliance here. (*Id*.) Defendant does respond to Plaintiff's two remaining arguments. (Def. Br. at 9–10.) Still, the Court concludes that Plaintiff's arguments are correct: substantial evidence does not support the ALJ's findings that Plaintiff's testimony is undermined by her improvement with treatment or her inconsistent earnings record.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff argues that the ALJ's finding that her PTSD symptoms had "been effectively treated by counseling and medication" is unsupported by the evidence. (Pl. Br. at 17.) The Court agrees. The ALJ cited (1) a February 2014 record indicating Plaintiff scored 29 out of 30 on a mental status examination, had normal thinking and memory, and had not had regular medical care for at least two years (R. at 25, 329); (2) an April 2016 record showing Plaintiff scored 28 out of 30 on a mental status examination and had a Full Scale IQ of 75 (*id*. at 25, 506).; (3) a September 2015 record showing Plaintiff "is doing well right now" and is "fine" as long as she continues taking medication (*id*. at 25, 342); and (4) a July 2016 record showing moderate PTSD symptoms. (*id*. at 25, 606). These records do not constitute substantial evidence supporting the ALJ's decision because they reveal, at most, that Plaintiff experienced partial and temporary improvement, which is an insufficient basis to discount a claimant's symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679–80 (9th Cir. 2017). Indeed, at one appointment cited by the ALJ, Plaintiff's

nurse practitioner simply noted that Plaintiff's symptoms are stable: *i.e.*, "not getting worse; [and] not improving." (*Id*. at 605.) Plaintiff correctly notes that she experienced persistent side-effects with medications and significant symptoms despite treatment— including chronic paranoia and auditory hallucinations as recent as December 2017. (Pl. Br. at 17; R. at 787.) In response, Defendant quotes the ALJ's analysis verbatim and generically relies on the proposition that inconsistency between a claimant's testimony and her improvement are a sufficient basis to discount testimony. (Def. Br. at 9.) But Defendant does not explain *why* the ALJ's analysis here is correct or *why* the cited records establish inconsistency. (*Id*.) Because substantial evidence does not support the ALJ's finding, this rationale fails.

So, too, does the ALJ's finding that Plaintiff "has a history of relatively low and inconsistent earnings prior to the alleged onset date [, which] suggests a lack of motivation." (R. at 25.). Plaintiff argues that the ALJ's finding was based on speculation and unsupported by any evidence of Plaintiff's motivations for her limited work history. (Pl. Br. at 17.) In response, Defendant merely cites the ALJ's finding and recites case law indicating that a claimant's limited work history is a valid consideration for ALJs evaluating symptom testimony. (Def. Br. at 10–11.) But the cases Defendant cites are distinguishable. In *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), the Ninth Circuit found that the ALJ properly considered the claimant's work history in evaluating her credibility but found the ALJ's findings were bolstered by the claimant's "lack of candor" regarding her activities of daily living and her self-limiting during testing. *Id*. Similarly, the ALJ in *Sherman v. Colvin*, 582 F. App'x 745, 748 (9th Cir. 2014), relied not only on the claimant's sporadic work history but also on "the fact that his job rehabilitation services case worker closed his file for failure to cooperate and participate in job searching." *Id*. The ALJ here provided no additional support or explanation for this finding. Thus, Plaintiff's argument is correct: the ALJ did not explain or develop the record regarding why Plaintiff's earnings record is inconsistent with her testimony. Without more, the ALJ's finding is based on speculation. This was not a specific, clear, and

convincing basis for rejecting Plaintiff's testimony.

The bottom line is that the ALJ erred by rejecting Plaintiff's testimony. Neither Plaintiff's alleged improvement with treatment nor her alleged inconsistent earnings record were sufficient bases for the rejection of her testimony. As for the ALJ's other rationales, Defendant chose (for whatever reason) not to defend them.

**B. Substantial evidence does not support the ALJ's evaluation of the medical opinions of record.**

Plaintiff argues that the ALJ erred when rejecting the opinions of Dr. Cox and nurse practitioner Jaskowski. (Pl. Br. at 22.) Further, Plaintiff argues the ALJ erred by completely omitting any analysis of two other opinions of nurse practitioner Jaskowski and one opinion of counselor Horan. (Pl. Br at 19–20.) In response, Defendant does not bother to address Plaintiff's argument regarding the ignored opinions. Defendant therefore concedes the correctness of Plaintiff's argument on that point. *See also Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("[T]he ALJ erred because he neither explicitly rejected the opinion of Dr. Brown, nor set forth specific, legitimate reasons for crediting Dr. Walter over Dr. Brown.").

As for the portions of the ALJ's analysis that Defendant does defend, the law in the Ninth Circuit is that, although "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). A nurse practitioner does not qualify as an "acceptable treating source" and is

instead defined as an "other source." 20 C.F.R. § 404.1513(d)(1). An ALJ "may discount testimony from these 'other sources' if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

The ALJ rejected Dr. Cox's July 2017 opinion and Jaskowski's August 2018 opinion for the same reasons. The ALJ found they were: (1) conclusory because they were in checkbox form, (2) unsupported by the objective medical evidence, (3) contradicted by statements from other medical professionals, and (4) based on Plaintiff's subjective complaints. (R. at 26.) Plaintiff argues that each reason was insufficient. (Pl. Br. at 19–23.) Defendant largely endorses the ALJ's reasoning without explanation but adds that the ALJ's deference to Dr. Timbadia's opinion was appropriate because Dr. Timbadia's opinion (unlike the opinions of Dr. Cox and Jaskowski) was based on objective examination. (Def. Br. at 13–15.)

The Court concludes that, although the reasons provided by the ALJ were, in theory, permissible bases for rejecting the proffered medical opinions, they were not supported by substantial evidence. First, the ALJ erred by rejecting the opinions simply because they were in checkbox form. Although checkbox-form opinions may be rejected when entirely unsupported, this rationale is inadequate when the opinions are explained by treatment records. *Orn*, 495 F.3d at 634. Here, Dr. Cox's and Jaskowski's checkbox opinions were corroborated by their treatment relationships with Plaintiff and by accompanying medical records. (R. at 692-749.) Second, substantial evidence does not support the finding that the opinions were inconsistent with the objective evidence. Neither the ALJ nor Defendant *explain* how the opinions are inconsistent with the evidence. Plaintiff argues with specificity why the opinions are consistent with the medical evidence and the Court will not manufacture arguments to salvage the ALJ's analysis. Third, the ALJ's finding that the opinions are contradicted by statements from other doctors is insufficient. The mere existence of contradictory opinions is not a sufficient basis to reject treating providers' opinions; it simply affects the strength of the reasoning required to reject the treating providers' opinions. *Bayliss*, 427 F.3d at 1216. The ALJ still must explain why the

competing opinions are entitled to more weight. The ALJ did not do so here. Finally, because the ALJ did not properly analyze and reject Plaintiff's symptom testimony, it was error to reject her providers' opinions based on their reliance on Plaintiff's reports. *Regenitter v. Comm'r of Soc. Sec.*, 166 F.3d 1294, 1300 (9th Cir. 1999).[2]

### C. The appropriate remedy is to remand Plaintiff's case for calculation and award of benefits.

There was no vocational expert testimony in the case. Instead, the ALJ concluded Plaintiff is not disabled by applying the medical vocational guidelines. (R. at 28.) Nevertheless, the Court may still remand for benefits where it is clear from the record that the claimant cannot perform gainful employment even without specific VE testimony establishing that a person with a claimant's functional limitations cannot sustain work. *Benecke v. Barnhart*, 379 F.3d 587, 593–96 (9th Cir. 2004) ("Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill her obligation to develop the record."). Such testimony is normally required to establish a claimant's entitlement to benefits, but it is not required in every case. *Id.* Here, the record and the improperly discredited evidence establish that Plaintiff is entitled to benefits.

The credit-as-true rule determines whether a case should be remanded for benefits. The rule, if applied here, would result in remand of Plaintiff's case for a calculation and payment of benefits. *Garrison*, 759 F.3d at 1020. It applies if each part of a three-part test is satisfied. *Id.* First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id.* Finally, if the improperly discredited evidence were credited as true, then the ALJ would be

---

[2] Defendant's remaining argument—that Dr. Timbadia based her opinion on an objective examination unlike Plaintiff's treating providers—was not relied on by the ALJ as justification and is incorrect. (Def. Br. at 14–15.) Dr. Cox and Jaskowski also examined Plaintiff and based their reports on those examinations. (R. at 692–749.)

required to find the claimant disabled.  *Id*.  Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

First, the record has been fully developed and further administrative proceedings would serve no useful purpose.  Plaintiff's testimony and the opinions of her treating providers thoroughly detail her functional limitations.  Although the ALJ did not consider three opinions in the record, those opinions identify similar limitations to those the ALJ already considered.  (R. at 210–12, 241–43, 525–26.)  The ALJ also failed to properly evaluate Plaintiff's symptom testimony and the medical opinions of record, and Defendant largely failed to defend the ALJ's reasoning (instead resorting to the verbatim recitation of large swaths of the ALJ's opinion without providing any explanation of why the ALJ's analysis should be considered correct).

Plaintiff's testimony and her providers' opinions establish that if the improperly discounted evidence were credited as true, she would be entitled to benefits, even in the absence of VE testimony specifically considering her functional limitations.  Dr. Cox and Jaskowski both opined that Plaintiff has limitations that prevent her from sustaining even sedentary work based on her postural limitations and attentional capacities.  (Pl. Br. at 8–10.)  Plaintiff's testimony bolstered these opinions.  (*Id*. at 10.)  Finally, the Court does not have serious doubt that Plaintiff is, in fact, disabled.  Accordingly, the Court remands Plaintiff's case for calculation and award of benefits.

**IT IS THEREFORE ORDERED** reversing the July 30, 2018 decision of the Administrative Law Judge (R. at 15–34), as upheld by the Appeals Council (R. at 5–10).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for an award of benefits.

…

…

…

1 **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 26th day of January, 2021.

Dominic W. Lanza
United States District Judge