**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Ann Latahotchee, | No. CV-19-05668-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for EAJA fees (Doc. 21) and memorandum in support thereof (Doc. 22). The motion is granted and fees are awarded in the amount of $10,057.90.

I.    Legal Standard And The Parties' Positions

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 23 at 1 n.1), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine

whether the fee award requested is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any social security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Plaintiff originally requested $9,226.78 in his motion for EAJA attorneys' fees, as his counsel spent 7.6 hours on his case in 2019, 34.4 hours in 2020, and 2.5 hours in 2021. (Doc. 22 at 10; Doc. 22-2 at 2-3.) Defendant opposed the amount of fees requested and asserted that the Court should "reduce Plaintiff's fee request by $3,053.81, and award a fee of $6,172.97." (Doc. 28 at 1.) Plaintiff filed a reply, in which Plaintiff asserted that "[t]he additional 4.0 hours to prepare [the] reply brief, at the current hourly rate of $207.78, when added to the original EAJA request, equals $10,057.90, which should be the current EAJA award." (Doc. 27 at 12.)

II.     Analysis

On March 31, 2021, in another Social Security appeal, the Court issued an order granting the full amount of EAJA fees sought, rejecting every argument the Commissioner made. *Murrieta v. Comm'r of Soc. Sec. Admin.*, 2021 WL 1208980 (D. Ariz. 2021).

The Commissioner's response in this case—filed on May 4, 2021—repeats these same failed arguments, often verbatim, in a brief that is nearly identical to the response brief the Commissioner filed in *Murrieta*. This approach is surprising and unhelpful.

So here we go again.

The Court will consider the reasonableness of the hours billed in this case by examining the timesheets and reviewing the appropriateness of the kinds of tasks that were billed and the amount of time spent on them. *Heggem v. Colvin*, 2016 WL 4194527, *2 (D. Ariz. 2016) ("[T]he Court 'combed through the record' as is required for all fee applications brought pursuant to the EAJA.").

The Commissioner argues that Plaintiff's fee request is unreasonable because (1) Plaintiff failed to affirmatively advance the reasons why the fee request is reasonable (Doc. 23 at 2-3), (2) the time Plaintiff's counsel spent reviewing the record and drafting the complaint is unreasonable because it involved the work of two attorneys and because a "simple" complaint, such as one a *pro se* litigant might draft using a standard form, is sufficient (*id.* at 4-7), (3) the time spent drafting and revising the opening brief was unreasonable because two attorneys worked on it and "[a]s an experienced attorney in

social security matters, Mr. Caldwell would have taken less time to draft the brief on his own" (*id.* at 7-9), and (4) fees for reviewing filed documents are unreasonable (*id.* at 10).

The Court has carefully reviewed Plaintiff's attorney's itemization of services (Doc. 22-2 at 2-3) and concludes that the hours spent on this case do not include impermissible duplication of time or otherwise unreasonable expenditures of time. None of Defendant's arguments compel a reduction of the fee award requested.

As the Court already determined in *Murrieta*:

> Defendant's first argument lacks merit. Plaintiff submitted an itemization of services which lists every billable task Plaintiff's counsel undertook and how much time was spent on each activity. This itemization is adequate for the Court's consideration; Plaintiff need not preemptively guess what reasonableness challenges might be forthcoming. Indeed, the fact that the time was spent indicates that Plaintiff's counsel believed it needed to be spent. [L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "the payoff is too uncertain. Although it is a plaintiff's burden to demonstrate that the hours spent were reasonable, a plaintiff can do this by affirmatively submitting an itemization of services and then by defending against whatever challenges a defendant mounts in its opposition.

2021 WL 1208980 at *2 (citation and internal quotation marks omitted). *See also Gallagher v. Comm'r of Soc. Sec. Admin.*, 2021 WL 2895288, *3 (D. Ariz. 2021) (same).

The Court also rejects the Commissioner's second and third arguments. First, the Court already rejected, in *Murrieta*, the argument that a Social Security plaintiff's counsel should not devote time to reviewing the record below and drafting the complaint because a "simple" complaint, such as one a *pro se* litigant might draft using a standard form, is sufficient. 2021 WL 1208980 at *3 ("Proceeding *pro se* is possible but far from ideal. The purpose of hiring competent counsel is the benefit a plaintiff receives in the quality of representation. . . . The Court considers it a given that a competent lawyer would review the case before drafting and filing a complaint. . . . [F]ailure to do so is sanctionable. . . . [P]reparation at the inception of a case is an earmark of capable representation."); *see also Garcia v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4673335, *2 (D. Ariz. 2019) ("[T]ime spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible, as counsel explains, that a well prepared

complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 2021 WL 347784, *1 (D. Ariz. 2021) (same, noting "the Court has already addressed the Commissioner's criticism"). Second, the Court has rejected—numerous times—the argument collaboration between two lawyers amounts to impermissible duplication of effort. *Id.* ("[T]he Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process."); *Andreason v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5544367, *2 (D. Ariz. 2020) (same); *Maske v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6562343, *6 (D. Ariz. 2020) ("The Court agrees with Plaintiff's assertion that "if this were a case brought by some big-shot downtown law firm, no one would blink an eye about more than one attorney working on a case," and the Court declines to "blink an eye" here."); *Caggiano v. Comm'r of Soc. Sec. Admin.*, 2021 WL 2779499, at *5 (D. Ariz. 2021) (no reduction of fee award due to four attorneys collaborating on the case because "the duplicative work here was necessary to the litigation, and each duplicate billing entry includes time billed for substantive work"). *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1114–15 (9th Cir. 2008) ("[T]he district court may not set the fee based on speculation as to how other firms would have staffed the case. The cost effectiveness of various law firm models is an open question. . . . Modeling law firm economics drifts far afield of the *Hensley* calculus and the statutory goal of sufficiently compensating counsel in order to attract qualified attorneys to do civil rights work.").

Finally, the Court already determined—again, in *Murrieta*—that fees for reviewing filed documents are not unreasonable per se. 2021 WL 1208980 at *4 ("[T]he Court recognizes that one last quick review of the draft after filing may still be deemed reasonable, with the understanding that if something crucial were missed, leave to supplement could be sought."). Although "[a]t a certain point, carefulness can be excessive," the Court nevertheless concluded that "1.2 hours spent reviewing pleadings

and briefs after they were filed—0.2 hours for the complaint, 0.5 hours for the opening brief, and 0.5 hours for the reply brief—are not overkill and can be properly included in a reasonable fee award." *Id.* Here, the Commissioner gripes about a mere 0.6 hours spent reviewing filed briefs (0.1 hours on the complaint, 0.5 on the opening brief). (Doc. 23 at 12.) If 1.2 hours is reasonable, it follows that half that amount of time is reasonable as well.

The Commissioner cites *Gines v. Comm'r*, 2:19-cv-04479-JJT, Doc. 29 at 2-3, for the proposition that—under the circumstances of that case—the amount of time spent drafting the complaint was either "excessive" or "render[ed] the time spent on the next step of drafting the opening brief excessive." (Doc. 23 at 6.) The short, unpublished opinion in *Gines* does not disclose how much time had been spent drafting the complaint and how much time had been spent drafting the opening brief, nor did the Court discuss the complexity of the issues at stake in that case or how much of the opening brief merely duplicated the complaint. At any rate, the Court has expressly rejected the argument that the complaint in a Social Security appeal should not be substantive. *Murrieta*, 2021 WL 1208980 at *3.[2] Furthermore, here the complaint is fairly short and simply sets forth the background facts, a summary of the ALJ's decision, and a bulleted list of Plaintiff's challenges to the ALJ's decision. (Doc. 1.) Although it would be preferable for Plaintiff's counsel to eschew block billing in the future, the Court has no trouble accepting Plaintiff's assertion that a significant portion of the time spent at the complaint stage was devoted to review of the record and issue spotting (Doc. 27 at 6-7)—the work that had to be done before the complaint could be drafted. *Murrieta*, 2021 WL 1208980 at *3 ("[A] portion of the 4.7 hours was spent reviewing the ALJ decision and portions of the 1,908-page file, and the Court considers it a given that a competent lawyer would review the case before

---

[2] "[T]he Social Security Act provides that '[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security.' 42 U.S.C. § 405(g). The existence of this provision demonstrates that a detailed complaint has utility. A relatively small amount of time spent 'in the hope of such an outcome is not unreasonable.'" *Murrieta*, 2021 WL 1208980 at *3 (quoting *Maske*, 2020 WL 6562343 at *6).

drafting and filing a complaint."). Finally, the 25-page opening brief does not merely duplicate the 5-page complaint,[3] and the Court "will not second-guess the amount of time Plaintiff's counsel spent on briefing the winning arguments in this case." *Andreason*, 2020 WL 5544367 at *2. Although the complaint may have served as a preliminary outline of the major points Plaintiff planned to make, preparing the opening brief required a substantial amount of work far exceeding what drafting the complaint required. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112.

The Commissioner also cites *Rudder v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6869410, *2 (D. Ariz. 2020), a case in which the Court reduced the fee award in part because there was "a substantial amount of boilerplate language in the briefings." In a specialized area such as Social Security appeals, it is unsurprising that some boilerplate language would appear in the pleadings and briefs. Nevertheless, both the complaint and the opening brief in this action are composed mainly of case-specific facts and analysis, not regurgitated boilerplate.

And the Commissioner cites *Thomas v. Comm'r of Soc. Sec. Admin.*, 2:18-cv-04230-JZB, Doc. 32 at 4 for the proposition that 12 hours of collaborative review on the opening brief was excessive under the circumstances of that case, where the "opening brief borrowed heavily from the detailed complaint." (Doc. 23 at 9.) Here, the opening brief does not borrow heavily from a detailed complaint, so *Thomas* is not on point. The Court agrees with Plaintiff that "presenting decisions in other cases, with no showing of a comparison to the facts of *this* case, does not advance the Commissioner's position." (Doc. 27 at 7.)

Having prevailed entirely in the fees motion, Plaintiff is also entitled to the fees

---

[3] "[A]lthough reducing the amount of an award is appropriate where excessive time is recorded for briefing that merely regurgitates previous briefing or consists entirely of boilerplate material, such is not the case here." *Andreason*, 2020 WL 5544367 at *2 (citation omitted).

- 7 -

incurred in litigating it. *Murrieta*, 2021 WL 1208980, at *5; *Andreason*, 2020 WL 5544367, at *3; *Maske*, 2020 WL 6562343, at *7. The Commissioner is urged to keep this principle in mind if tempted, in a future case, to submit another brief filled with verbatim versions of arguments the Court has repeatedly rejected.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 20) is **granted** and Plaintiff is awarded $10,057.90 in attorneys' fees.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 22nd day of July, 2021.

Dominic W. Lanza
United States District Judge